UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONELL DAVIS, | ) |
| Petitioner, | ) |
| v. | ) No. 1:18-cv-03707-JRS-MJD |
| WENDY KNIGHT, | ) |
| Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Donell Davis petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number CIC 18-08-0290. For the reasons explained in this Order, Mr. Davis's habeas petition must be **denied**.

### A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On August 21, 2018, Indiana Department of Correction (IDOC) Correctional Officer B. Scott wrote a Report of Conduct charging Mr. Davis with attempted battery, a violation of the IDOC's Adult Disciplinary Code offenses A-111 (attempt) and A-102 (battery). The Report of Conduct states:

> On 8/21/2018 at approximately 7:54 AM I OFC. Scott was working 2/4 side of A unit. OFC. Keiffer and I went to cell 24-2A to verify who lives on bottom bunk 24B-2A. I asked offender Davis, Donnell 201463 what is your last name[.] He replied "Johnson." I replied no it's not[.] Your last name is Davis. He said multiple times his name isn't Davis. So I asked him whats your DOC, he gave me a false DOC number. OFC. Keiffer said "Davis you have DHB lets go." He replied "I'm not fucking Davis." I asked offender for his ID he said he didn't have it. At 7:56 AM OFC. Keiffer called count to see who lived on 24B-2A and it was Offender Davis. I OFC. Scott looked in the master roster and the work quarter charge and count [illegible] OFF. Davis lived 24B-2A. OFC. Keiffer and I went back to Davis's cell and told [him] to get up or cuff up. He said "I am not Davis I'm not getting up" I told him to get up and cuff up he refused. I sprayed him with OC for 1 second across the eyes, on target[.] I told him to cuff up, He put his hands behind his back and took 2 steps back and tried to turn around and elbow OFC. Keiffer. At that point I went hands on and took him to the ground. SGT. Scates called signal 10 at 7:58 am Then OFC. Keiffer, SGT. Scates and I cuffed him and first responder took him to [illegible] cell.

Dkt. 11-1.

Mr. Davis was notified of the charge on August 27, 2018, when he received the Screening Report. Dkt. 11-2. He pled not guilty to the charge, did not request a lay advocate, and did not ask for evidence. *Id.* Mr. Davis asked for a witness, Offender L. Scott, to testify and answer the question "Did I touch anyone?" *Id.*

A hearing was held on August 31, 2018. Dkt. 11-3. Mr. Davis's statement at the hearing was "I lied about my name. It didn't [sic] like that. There is lots of flaws in the conduct report." *Id.* IDOC Sergeant A. Scates provided a witness statement that Mr. Davis "made an aggressive move and attempted to strike Officer Keiffer with his elbow." Dkt. 11-6. Officer Keiffer also

2

provided a written statement that during his and Officer Scott's interaction with Mr. Davis, as Mr. Davis walked backwards to them to be placed in handcuffs, "[h]e quickly made a move to turn and elbow me." Dkt. 11-5. Video surveillance was available that showed the incident. Dkt. 15.

The disciplinary hearing officer (DHO) considered Mr. Davis's statement, the staff report, witness statements, and watched the video surveillance. Dkt. 11-3. The DHO found Mr. Davis guilty and assessed sanctions that included the loss of ninety days earned credit time and a demotion in credit earning class. *Id.*

Mr. Davis appealed to the Facility Head and the IDOC Final Reviewing Authority. Dkts. 7 & 9. Both appeals were denied. *Id.* Mr. Davis then brought this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He presents three grounds for relief.

**C.      Analysis**

**1. Ground One.**

The first ground for relief Mr. Davis presents is that his name is misspelled and his housing area is incorrect on the Report of Conduct. Dkt. 1, pp. 3-4. But Mr. Davis does not attempt to explain how this denied him due process of law or prejudiced him in any way. *Id.* There is no evidence – or argument – that the identity of Mr. Davis as the person involved in this incident was in question. Mere technical errors in a report, without more, are not violations of due process. *See Montgomery v. Anderson*, 262 F.3d 641, 646 (7th Cir. 2001) (complaining of the use of a "period" in place of a "dash" in a statute number was a "niggling objection" because no one was mislead).

Ground one is **denied**.

**2.   Ground Two.**

Mr. Davis's second ground for relief states: "the officer stated: attempted to commit battery resulting in bodily injury." Dkt. 1, p. 4. In the facts section of the ground, Mr. Davis argues that to

3

be found guilty of "battery resulting in bodily injury" there must be a victim claiming an injury. The Court construes this ground as challenging the sufficiency of the evidence.

In prison disciplinary challenges, claims as to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Mr. Davis was charged with attempting to commit a Class A offense under the IDOC's Adult Disciplinary Process offense number 111:

> Attempting by one's self or with another person or conspiring or aiding and abetting with another person to commit any Class A offense.

The Class A offense Mr. Davis was charged with attempting is offense number 102:

> Knowingly or intentionally touching another person in a rude, insolent, or angry manner; or in a rude, insolent, or angry manner placing any bodily fluid or bodily waste on another person.

Mr. Davis does not explain why he believes the IDOC was required to prove an actual injury to the victim of the offense. *See* dkt. 1, p. 4. Because the charge was an *attempt* to commit a battery, it logically follows that an attempt to commit battery would not involve an actual touching or injury. If an actual touching or injury occurred, the offense would be battery, not attempted battery.

4

Assessing the sufficiency of the evidence question, the Court finds that there is "some evidence" in the record to support the DHO's decision. Three correctional officers wrote statements that Mr. Davis started to turn in an apparent effort to strike Officer Keiffer with his elbow. This alone constitutes "some evidence" that satisfies due process concerns. *Ellison*, 820 F.3d at 274. Although the Court need not discuss the remaining evidence, it notes that it has reviewed the video recording of the incident and discerns nothing exculpatory to Mr. Davis.

The second ground for relief is **denied**.

### 3. Ground Three

The third and final ground for relief asserted by Mr. Davis states: "the officer never initialed by the errors he made on the report." He contends that IDOC policy requires someone making a correction to a report to place their initials by the correction. Dkt. 1, p. 5. However, assuming there is an IDOC policy requiring such an action, the violation of an agency policy or state law does not create a viable habeas corpus due process claim.

Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import – and nothing less warrants habeas corpus review."); *see also Estelle v.*

*McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief."). Accordingly, Mr. Davis is not entitled to relief on this basis, and this ground is **denied**.

### D. Conclusion

All three of Mr. Davis's grounds for relief have been denied. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Davis to the relief he seeks. Accordingly, Mr. Davis's petition for a writ of habeas corpus is **denied** and this action **dismissed with prejudice**.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 8/14/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Donell Davis
201463
Pendleton - Correctional Industrial Facility
Correctional Industrial Facility
5124 West Reformatory Road
Pendleton, IN 46064

Katherine A. Cornelius
Indiana Attorney General
katherine.cornelius@atg.in.gov

Matthew Stephen Koressel
Indiana Attorney General
matthew.koressel@atg.in.gov